IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EVERETT VANHOY AND LUCILLE )
VANHOY, )
                                     )
              Plaintiffs, )
                                     )
v.                                  )     1:18CV90
                                     )
AMERICAN INTERNATIONAL )
INDUSTRIES, et al., )
                                     )
              Defendants. )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court upon Defendant American International Industries' ("Defendant") motion to dismiss Plaintiffs' claims of gross negligence and punitive damages for failure to state a claim upon which relief can be granted.[1] (Docket Entry 60.) Plaintiffs Everette and Lucille Vanhoy oppose the motion. (Docket Entry 62.) For the following reasons, it is recommended that the Court grant in part Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiffs filed this action on February 9, 2018. (Docket Entry 1.) The amended complaint contains five causes of action against eighteen Defendants: (1) defective design under N.C. Gen. Stat. § 99B-6; (2) failure to warn in violation of N.C. Gen. Stat. § 99B-5; (3)

---

[1] American International Industries filed two motions to dismiss prior to the instant motion (Docket Entries 40, 56). The motions appear to be duplicative, and therefore the Court will deny the motions as moot.

breach of implied warranty; (4) the tort of gross negligence; willful, wanton and reckless conduct; and (5) conspiracy. (Am. Compl. ¶¶ 31-73.) To support these claims, Plaintiffs allege the following: Plaintiff Everett Vanhoy was diagnosed with Mesothelioma on July 21, 2017. (*Id.* ¶ 26.) Mr. Vanhoy's mesothelioma was caused by his exposure to asbestos-containing talc over the course of decades. Beginning in approximately 1969, Mr. Vanhoy was exposed to asbestos-containing talc in hygiene products in Salisbury, NC. American International Industries are among the Defendants that supplied the asbestos-containing talc and/or sold hygiene products containing asbestos-containing talc used by Mr. Vanhoy. (*Id.* ¶ 27.)

Mr. Vanhoy was also exposed to various asbestos-containing products while serving in the U.S. Navy as an Interior Communications Electrician aboard the USS Olmsted from approximately January 1954 until January 1956. Aboard the USS Olmsted, Mr. Vanhoy worked with, or in close proximity to others who worked with, asbestos-containing materials including but not limited to asbestos-containing equipment including the gyro compass, boiler feed water salinity and internal communications telephone system equipment and other asbestos-containing materials and equipment manufactured and/or sold by Defendant. (*Id.* ¶ 28.)

Mr. Vanhoy was also exposed to various asbestos-containing products while working as a self-employed home builder in Salisbury, NC from approximately 1956 to 1969. Mr. Vanhoy worked with, or in close proximity to others who worked with, asbestos-containing materials including but not limited to joint compound, plastic cement, and other asbestos-containing materials manufactured and/or sold by Defendant. (*Id.* ¶ 29.)

Mr. Vanhoy was also exposed to various asbestos-containing products while working as a plant supervisor for Fisher Homes, a/k/a Oakwood Homes, a mobile home manufacturer in Richfield, NC from approximately 1969 to 2000. Mr. Vanhoy worked with, or in close proximity to others who worked with, asbestos-containing materials including but not limited to asbestos-containing millboards and other asbestos-containing materials manufactured and/or sold by Defendant. (*Id.* ¶ 30.) Defendant has moved to dismiss Plaintiffs' claims of gross negligence and punitive damages. (*See* Docket Entry 58).

## II. STANDARD OF REVIEW

Defendant contends that dismissal is appropriate pursuant to Federal Rules of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relied that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it

3

asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted). "Rule 12(b)(6)

4

does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416, U.S. 232, 236 (1974)).

## III. ANALYSIS

Defendant has moved to dismiss the Amended Complaint for failure to state a claim. First, Defendant argues that Plaintiffs failed to state a claim for gross negligence. Defendant further argues that Plaintiffs can't recover punitive damages because Plaintiffs failed to prove that Defendant acted with fraud, malice, or with willful and wanton conduct as required by N.C. Gen. Stat. § 1D-15(a). Lastly, Defendant argues that Plaintiffs failed to adequately state a civil conspiracy claim.

### A. Gross Negligence/Willful Wanton

First, Defendant argues that Plaintiffs' claim for gross negligence does not adequately plead the elements required. Defendant contends that Plaintiffs "baldly" assert that every Defendants' conduct included "rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits." (Am. Compl. ¶¶ 63.) Defendant argues that Plaintiffs fail to allege when such conduct may have occurred, the identity or position of the "top managers" or "corporate officials" involved in the decision-making process, or any of the circumstances surrounding the allegation; nor do Plaintiffs allege any time frame for when or where this occurred, or how the "advice" of corporate officials or "rejection" by top management was communicated. Rather, Defendant argues that Plaintiffs' complaint

"contains only conclusory and speculative allegations, setting forth no facts to support a plausible claim." *See Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 349 (4th Cir. 2013).

A successful claim for gross negligence requires proof of wanton conduct, and "each of the elements of negligence, including duty, causation, proximate cause, and damages." *Toomer v. Garrett*, 155 N.C. App. 462, 482, 574 S.E.2d 76, 92 (2002) (citation omitted). Willful and wanton conduct is defined as "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." N.C. Gen. Stat. § 1D-5(7). Further, "'[w]illful or wanton conduct' means more than gross negligence." *Id.*

Defendant makes similar arguments in *Bell v. Am. Int'l Industries*, where the plaintiff sought recovery for a wrongful death as a result of her husband being exposed to asbestos. In *Bell*, Defendant contends that plaintiff's complaint amounts to "generic allegations" which inappropriately refer to "all defendants." Compare *Bell v. Am. Int'l Indus.*, No. 1:17CV111, 2018 U.S. Dist. LEXIS 96861, at *15 (M.D.N.C. June 7, 2018). To support its position both here and in *Bell*, Defendant cites to *Estrada v. Consolidated Utility Services, Inc.*, where a Western District of North Carolina court dismissed a plaintiff's claims for punitive damages against a corporate defendant. No. 5:10-CV-161-RLV, 2011 U.S. Dist. LEXIS 59073, 2011 WL 2174467, at *2-3 (W.D.N.C. June 2, 2011); *see also Bell*, 2018 U.S. Dist. LEXIS 96861, at *15. There, the court stated in relevant part, "[i]t's not clear from Plaintiff's complaint how Plaintiff intends to support a claim for punitive damages. The complaint does not point to any specific officers, directors, or managers taking part in or condoning any willful or wanton conduct."

*Bell*, 2018 U.S. Dist. LEXIS 96861, at *16 (citing *Estrada*, 2011 U.S. Dist. LEXIS 59073, 2011 WL 2174467 at *3). In an argument that is identical to what is asserted in *Bell*, Defendant's memorandum in support of its motion to dismiss states in relevant part:

> Plaintiffs [fail to] allege when such conduct may have occurred, the identity or position of 'top managers' or 'corporate officials' involved in the decision-making process, or any of the circumstances surrounding the allegation. Nor is there any time frame on when or where this occurred, or how the 'advice' of corporate officials or 'rejection' by top management was communicated.

(Docket Entry 58 at 14); compare *Bell*, 2018 U.S. Dist. LEXIS 96861, at *16.

As adequately stated in *Bell*, Defendant's argument overlooks Fourth Circuit precedent as to the plausibility inquiry within 12(b)(6) motions:

> The plausibility standard is not a probability requirement, but 'asks for more than a sheer possibility that a defendant has acted unlawfully.' Although it is true that 'the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests.' Thus, we have emphasized that 'a complaint is to be construed liberally so as to do substantial justice.'

2018 U.S. Dist. LEXIS 96861, at *17, (citing *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted), cert. denied, ___ U.S. ___, 138 S. Ct. 635, 199 L. Ed. 2d 526 (2018)). It is clear that Plaintiffs state in their Amended Complaint (again, both here and in *Bell*) that "[Top management] rejected the advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits." (Am. Compl. ¶ 63); compare *Bell*, 2018 U.S. Dist. LEXIS 96861, at *17.

7

Here, the Amended Complaint adequately sets forth a gross negligence claim against Defendant in a manner sufficient to allow Defendant to prepare a response. The Amended Complaint contains factual information regarding when, where, and how Mr. Vanhoy was exposed to asbestos. Plaintiffs also list asbestos containing products to which Mr. Vanhoy was exposed during the relevant time periods. Furthermore, Plaintiffs allege that the asbestos-related products used, sold or manufactured by the Defendants, and the exposure and hazard to each of them, in Mr. Vanhoy's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated by Defendant. (Am. Compl. ¶ 61.)

In addition, Plaintiffs allege that Defendant knows or should have known for decades of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, and/or asbestos-containing talc, were hazardous to the health and safety of Mr. Vanhoy and others in his position; prompted by pecuniary motives, Defendant ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, the opportunity of free choice as to whether or not to expose themselves to the asbestos products [manufactured and/or sold by] Defendant. (*Id.* ¶ 63.)

To support their allegations of willful wanton conduct, Plaintiffs allege that Defendant "intentionally and fraudulently" continued to conceal the dangers of asbestos exposure for many decades, denying Mr. Vanhoy the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding

further dust exposure. (*Id.*) Plaintiffs then proceed to list specific acts and omissions to support their claim: failure to warn prior users when Defendant had knowledge of the need for monitoring due to prior exposure; failure to issue recall type letters to prior users; frustrating the publication of articles and literature from the 1930's through at least 1976; rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products—such rejection being motivated by the possibility of adverse effects on profits—and the intentional inadequacy of (and delay in the use of) the warnings on asbestos products. (*Id.*) Lastly, Plaintiffs assert that, despite Defendant's knowledge of the dangers of asbestos material, Defendants placed said materials into the stream of commerce in total disregard for the health and safety of the user or consumer. This is all that is required to state a claim under Rule 12(b)(6). *See e.g.*, *Miller v. 3M Company*, No. 5:12-CV-00620-BR, 2013 WL 1338694, at *2 (E.D.N.C. Apr. 1, 2013). In *Bell*, Judge Osteen found that the plaintiff plausibly stated a claim, and the Court here sees no reason to disagree under a set of facts and circumstances that are almost identical to those in *Bell*.

Drawing all reasonable inferences in favor of Plaintiffs, the Amended Complaint "plausibly alleges that Defendant [AII's] management engaged in willful or wanton conduct sufficient to sustain a claim for punitive damages." *Bell*, 2018 U.S. Dist. LEXIS 96861 at *17.

**B. Conspiracy**

Defendant also argues that Plaintiffs failed to establish a claim of conspiracy against all Defendants. Defendant has moved to dismiss this claim because Plaintiffs have not established evidence of the conspiracy that was sufficient to create "more than a suspicion or conjecture."

9

*Dove v. Harvey*, 168 N.C. App. 687, 690-91, 608 S.E.2d 798, 801 (2005) (citations omitted). Defendant also argues that Plaintiffs' claim that Defendant committed fraud is conclusory and is not pleaded with particularity as required under N.C. Gen. Stat. § 1A-1.[2]

A civil conspiracy requires: (1) an agreement between two or more persons to do a wrongful act; (2) an overt act committed in furtherance of the agreement; and (3) damage to the plaintiff. *Nye v. Oates*, 96 N.C. App. 343, 347, 385 S.E.2d 529, 531-532 (1989). There is not a separate civil action for civil conspiracy in North Carolina.[3] *Piraino Bros., LLC v. Atl. Fin. Grp., Inc.*, 211 N.C. App. 343, 350, 712 S.E.2d 328, 333 (2011) (citing *Dove v. Harvey*, 168 N.C. App. 687, 690, 608 S.E.2d 798, 800 (2005)). Instead, "civil conspiracy is premised on the underlying act." *Harris v. Matthews*, 361 N.C. 265, 273, n.2, 643 S.E.2d 566, 571, n.2 (2007).

Here, Plaintiffs have alleged no facts from which it can be reasonably inferred that there was an agreement among Defendants American International Industries and Metropolitan Life Insurance Company. Plaintiffs' Amended Complaint states the following:

> [Defendant Metropolitan Life Insurance Company] "rendered substantial aid and assistance to the manufacturers of asbestos-containing products and/or equipment to which [Mr. Vanhoy] was exposed... such assistance by [Defendant Metropolitan Life

---

[2] Although "fraud" is used in the Amended Complaint, Plaintiffs are not asserting claims of fraud; they are asserting that Defendants were engaged in a conspiracy that was premised on the underlying claim of gross negligence.

[3] "A cause of action for a civil conspiracy under North Carolina law is really an action for damages caused by acts in furtherance of the conspiracy and not for the conspiracy itself." *Bell v. Am. Int'l Indus.*, No. 1:17CV111, 2018 U.S. Dist. LEXIS 96861, at *17 n.5 (*citing Jackson v. Blue Dolphin Commc'ns of N.C., L.L.C.*, 226 F. Supp. 2d 785, 791 (W.D.N.C. 2002) (citations omitted); *Southwood v. CCDN, LLC*, No. 7:09-CV-81-F, No. 7:09-CV-183-F, 2016 U.S. Dist. LEXIS 47721, 2016 WL 1389596, at *1 n.3 (E.D.N.C. Apr. 7, 2016)) ("Rather, [civil conspiracy] is a theory of liability, such that once the elements of a civil conspiracy are established, all conspirators are jointly and severally liable for damages resulting from an act performed by any one of them in furtherance of the conspiracy." (citations omitted)).

> Insurance Company] aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products and/or equipment by such manufacturers which proximately caused [Mr. Vanhoy's] injuries, and/or disabilities . . . In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, Defendant [Metropolitan Life Insurance Company] willfully, wantonly, and with malice in calculated disregard for the welfare of the general public . . . .

(Am. Compl. ¶¶ 69, 73.) Plaintiffs assert that Defendant Metropolitan Life "rendered substantial aid" to Defendants, and that Metropolitan Life "collaborated" with the other Defendants to understate the hazards of asbestos exposure. Plaintiffs did not provide any details to support what "aid" was given or how Defendants "collaborated" to understate the dangers of asbestos exposure.

"Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true . . . ." *Feldman v. Law Enf't Assocs. Corp.*, 779 F. Supp. 2d 472, 500 (E.D.N.C. 2011) (citing *Twombly*, 550 U.S. at 555 (emphasis omitted)). Furthermore, a court need not accept as true "'unwarranted inferences, unreasonable conclusions, or arguments.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009)). The facts pleaded by Plaintiffs do not reasonably lead to anything other than "mere suspicion or conjecture" that there was an underlying agreement among the conspiracy defendants. *See Dickens v. Puryear*, 302 N.C. 437, 456, 276 S.E.2d 325, 337 (1981).

## IV. CONCLUSION

For all of these reasons, **IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Dismiss (Docket Entry 60) be **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Defendant's Rule 12(b)(6) Motion to Dismiss with respect to Plaintiffs' gross negligence claim be **DENIED**; and

(2) Defendant's Rule 12(b)(6) Motion to Dismiss be **GRANTED** with respect to Plaintiffs' common law conspiracy claim, and this claim be **DISMISSED** against American International Industries.

**IT IS FURTHER RECOMMENDED** that Defendant's Motions to Dismiss for failure to state a claim (Docket Entries 40, 56) be **DENIED** as moot.

Joe L. Webster
United States Magistrate Judge

October 18, 2018
Durham, North Carolina